UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILIP A PAUL,<br><br>        Petitioner,<br><br>    v.<br><br>WASHINGTON STATE ATTORNEY GENERAL,<br><br>        Respondent. | CASE NO. 3:16-CV-05056-BHS-DWC<br><br>ORDER TO FILE AMENDED PETITION |

Petitioner Philip A. Paul, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. 1, 3. Having reviewed the Petition, the Court declines to order Respondent to file an answer as the Petition contains claims related to Petitioner's conditions of confinement. The Court, however, provides Petitioner leave to file an amended pleading by March 7, 2016, to cure the deficiencies identified herein.

**I.    Background**

Petitioner states he was committed to Western State Hospital after being acquitted of murder in 1987 by reason of insanity. Dkt 3. The Petition challenges the fact and duration of his

ORDER TO FILE AMENDED PETITION - 1

confinement, but also challenges his conditions of confinement at Western State Hospital. *Id.* Specifically, Petitioner alleges he is serving a period of incarceration beyond the maximum possible sentence imposed and he has been subjected to conditions of confinement which violate his Eighth Amendment rights. *Id.*

## II. Discussion

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

Here, Petitioner challenges both his physical confinement, seeking immediate release, and the conditions of his confinement, alleging Eighth Amendment violations. As Petitioner's claims regarding violations of his Eighth Amendment rights implicate the conditions of his confinement and not the fact or duration of his custody, the Eighth Amendment claims cannot form the basis of habeas relief. Petitioner's Eighth Amendment claims must be brought in a civil rights complaint. Petitioner's claims challenging the fact and duration of his custody are properly raised in a § 2254 Petition.

## III. Instructions to Petition and Clerk

If Petitioner intends to pursue this habeas action, he must file an amended petition on the form provided by the Court, including only claims challenging the fact or duration of his custody. Petitioner may file a separate § 1983 complaint challenging the conditions of his confinement on the form provided by the Court.

1   The amended petition must be legibly rewritten or retyped in its entirety, it should be an
2 original and not a copy, it should contain the same case number, and it may not incorporate any
3 part of the original Petition by reference. The amended petition will act as a complete substitute
4 for the original Petition, and not as a supplement.

5   If Petitioner fails to adequately address the issues raised herein and file an amended
6 petition on or before March 7, 2016, the undersigned may recommend dismissal of this action.

7   The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas
8 corpus relief pursuant to 28 U.S.C. § 2254 and forms for filing a 42 U.S.C. § 1983 civil rights
9 complaint. The Clerk is further directed to provide copies of this Order to Petitioner.

10   Dated this 4th day of February, 2016.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge