UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILIP A PAUL,<br><br>          Petitioner,<br><br>     v.<br><br>WASHINGTON STATE ATTORNEY GENERAL, WESTERN STATE HOSPITAL,<br><br>          Respondent. | CASE NO. 3:16-CV-05056-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: August 12, 2016 |

The District Court has referred this 28 U.S.C. § 2254 action to United States Magistrate Judge David W. Christel. Petitioner Philip A. Paul, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") on January 21, 2016. *See* Dkt. 1, 3. After reviewing the Amended Petition, the Court recommends this case be dismissed without prejudice for Petitioner's failure to follow the Court's Order.

**I.     Background**

In his initial Petition, Petitioner states he was committed to Western State Hospital after being acquitted of murder in 1987 by reason of insanity. Dkt 3. The Petition challenges the fact

REPORT AND RECOMMENDATION - 1

1 and duration of his confinement, but also challenged his conditions of confinement at Western
2 State Hospital. *See* Dkt. 3. The Court directed Petitoner to file an amended petition on the form
3 provided by the Court, including only claims challenging the fact or duration of his custody. Dkt.
4 4. The Court informed Petitioner he could file a separate action under 42 U.S.C. § 1983
5 challenging the conditions of his confinement. *Id*. The Court warned Petitioner that failure to
6 adequately address the issues raised in the Court's Order could lead to dismissal of this action.
7 *Id.*

8 Petitioner filed the Amended Petition on July 19, 2016. Dkt. 18.[1] In his Amended
9 Petition, Petitioner again challenges both the fact and duration of his custody [§ 2254 claim] and
10 his conditions of confinement [§ 1983 claim]. *See id.* Specifically, Petitioner challenges the
11 validity of his guilty plea and length of sentence, and he contends his constitutional rights were
12 violated when his belongings were confiscated and he received inadequate medical treatment. *Id.*

13 **II.    Discussion**

14 Petitioner filed an Amended Petition containing both § 2254 and § 1983 claims. An
15 "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the
16 prisoner's physical confinement itself and seeks either immediate release from that confinement
17 or the shortening of its duration. With regard to such actions, habeas corpus is now considered
18 the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal
19 quotation omitted). "A civil rights action, in contrast, is the proper method of challenging
20 conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991). Petitioner's claims

---

[1] The Court ordered Petitioner to file an amended petition by March 7, 2016. Dkt. 4. Petitioner requested three extensions of time to file an amended petition, which were granted. Dkt. 5, 6, 10, 11, 13, 14. On May 26, 2016, the Court warned Petitioner no additional extensions of time would be granted unless good cause was shown. Dkt. 14. On June 27, 2016, Petitioner filed a fourth Motion for Extension of Time. Dkt. 15. The Court denied the fourth Motion for Extension of Time as Petitioner had not shown good cause and gave Petitioner until July 15, 2016 to file an amended petition. Dkt. 17.

1   regarding violations of his Fourteenth Amendment rights implicate the conditions of his
2   confinement and not the fact or duration of his custody. *See* Dkt. 18. Therefore, the Fourteenth
3   Amendment claims cannot form the basis of habeas relief. As Petitioner failed to file an amended
4   petition containing only claims challenging the fact or duration of his custody, Petitioner failed
5   to follow this Court's Order.

6   **III.    Conclusion**

7   Petitioner failed to follow this Court's Order and failed to file an Amended Petition
8   raising only habeas grounds for relief. Accordingly, the Court recommends this case be
9   dismissed without prejudice.
10  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
11  Procedure, the parties shall have fourteen (14) days from service of this Report to file written
12  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
13  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time
14  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August
15  12, 2016, as noted in the caption.

16  Dated this 26th day of July, 2016.

David W. Christel
United States Magistrate Judge