UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILIP A PAUL,

                Petitioner,

     v.

WASHINGTON STATE ATTORNEY
GENERAL,

                Respondent.

CASE NO. 3:16-CV-05056-BHS-DWC

REPORT AND RECOMMENDATION

NOTED FOR: JANUARY 27, 2017

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254,[1] seeking relief from a state court conviction.

The Court concludes the Petition is time-barred as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the

---

[1] The Petition is properly before the Court pursuant to § 2254. *See e.g. Grondorf v. Graziani*, 2003 WL 21838186 (N.D. Cal. July 31, 2003) (Petitioner found not guilty of assault by reason of insanity who was committed to state mental hospital properly petitioned for relief under § 2254.).

1    one-year statute of limitations period imposed under 28 U.S.C. § 2244(d) and should be

2    dismissed with prejudice.

3                                    <u>BACKGROUND</u>

4          Petitioner is confined at Western State Hospital pursuant to an Order of Acquittal by

5    Reason of Insanity and Order of Commitment entered by the Yakima County Superior Court on

6    July 15, 1987. Dkt. 26, Exhibit 1, Exhibit 3. Petitioner was charged with first degree murder, and

7    the state court committed him to the custody of the Department of Social and Health Services

8    after finding he was insane at the time of the charged act, and he presented a substantial danger

9    to other persons and a substantial likelihood of committing felonious acts jeopardizing public

10   safety and security. *Id.,* Exhibit 3.

11         In his Initial Petition, Petitioner states he was committed to Western State Hospital after

12   being acquitted of murder in 1987 by reason of insanity. Dkt 3. Petitioner challenged the fact and

13   duration of his confinement, but also challenged his conditions of confinement at Western State

14   Hospital. *See* Dkt. 3. The Court directed Petitioner to file an amended petition on the form

15   provided by the Court, including only claims challenging the fact or duration of his custody. Dkt.

16   4. The Court informed Petitioner he could file a separate action under 42 U.S.C. § 1983

17   challenging the conditions of his confinement. *Id*. The Court warned Petitioner that failure to

18   adequately address the issues raised in the Court's Order could lead to dismissal of this action.

19   *Id.*

20         Petitioner requested three extensions of time to file an amended petition, which were

21   granted. Dkt. 5, 6, 10, 11, 13, 14. On May 26, 2016, the Court warned Petitioner no additional

22   extensions of time would be granted unless good cause was shown. Dkt. 14. On June 27, 2016,

23   Petitioner filed a fourth Motion for Extension of Time. Dkt. 15. The Court denied the fourth

24

REPORT AND RECOMMENDATION - 2

1    Motion for Extension of Time as Petitioner had not shown good cause and gave Petitioner until

2    July 15, 2016 to file an amended petition. Dkt. 17. On July 26, 2016, the undersigned entered a

3    Report and Recommendation dismissing the Petition for failure to comply with a Court order and

4    file an amended petition raising only habeas grounds for relief. Dkt. 19. Petitioner filed his

5    Second Amended Petition on August 11, 2016, Dkt. 20, and his Third Amended Petition on

6    August 15, 2016, Dkt. 21. District Judge Benjamin H. Settle declined to adopt the Report and

7    Recommendation as it appeared Petitioner was attempting to follow the Court's order. Dkt. 22.

8         In his Third Amended Petition ("the Petition"), which is the operative petition in this

9    matter, Petitioner again challenges both the fact and duration of his custody [§ 2254 claim] and

10   his conditions of confinement [§ 1983 claim]. *See* Dkt. 22. Specifically, Petitioner challenges the

11   validity of his guilty plea and length of sentence, and he contends his constitutional rights were

12   violated when his belongings were confiscated and he received inadequate medical treatment. *Id.*

13        Petitioner did not challenge his acquittal and commitment on direct appeal. *See* Dkt. 26,

14   Exhibit 6. Petitioner filed a state collateral attack in 2014. *See* Dkt. 26, Exhibits 8-10.

15   Respondent maintains the Petition was signed after the statute of limitations expired, and

16   therefore the Petition should be dismissed with prejudice. Dkt. 26.[2] Petitioner did not file a

17   Response to Respondent's Answer.[3] *See* Dkt.

18

19

20

---

21        [2] Respondent also contends Petitioner failed to name the proper respondent; the ineffective

22   assistance of counsel claim is unexhausted, procedurally barred and in the alternative, fails on the merits; and Petitioner's conditions of confinement claim is not cognizable under § 2254. Dkt. 26.

23        [3] Petitioner has not requested an evidentiary hearing, and the Court concludes an evidentiary

24   hearing is not necessary in this case. *See* 28 U.S.C. §2254(e)(2) (1996).

Case 3:16-cv-05056-BHS   Document 27   Filed 01/05/17   Page 4 of 9


## STATE COURT PROCEDURAL HISTORY

### a.  Appeal of Denial of Conditional Release

In September 1988, Petitioner applied for a partial conditional release to allow vocational training in the Spokane, Washington area. Dkt. 26, Exhibit 4.[4] The court denied the petition. *Id.*, Exhibit 5. Petitioner appealed this decision, *id.* at Exhibit 6, challenging the evidentiary standard employed by the trial court. *Id.*, Exhibit 7. The Washington Court of Appeals reversed the decision of the trial court, remanding the case back for a new hearing on conditional release. *Id.*

### b.  Personal Restraint Petition

In July 2014, Petitioner filed a personal restraint petition and raised one ground for review:

> I should be released from the custody of the Department of Social and Health Services because:
>
> RCW 10.77.025 states that the term of commitment upon a finding of Not Guilty by Reasons [sic] of Insanity cannot exceed the maximum possible penalty for the offense. Under the law in existence at the time the Order of Commitment was entered, the maximum penalty for my crime was 320 months. I have been held in the custody and control of the Department of Social and Health Services for over 320 months. Therefore, my continued detention by the Department is unlawful.

Dkt. 26, Exhibit 8 at 2.

The Washington Court of Appeals dismissed the petition holding:

> Under former RCW 10.77.020(3) (1974), commitment of a person judged not guilty by reason of insanity "cannot exceed the maximum possible penal sentence for any offense charged for which he was acquitted by reason of insanity." Mr. Paul contends the maximum sentence for first degree murder, a class A felony,

---

[4] The Court notes Petitioner did not appeal his 1987 acquittal of first degree murder by reason of insanity. Dkt. 26, Exhibit 4. Instead, petitioner appealed the denial of his application for partial conditional release from Eastern State Hospital. *See id.,* Exhibit 7.

was 320 months at the time of his offense. RCW 9A.32.030(2) (first degree murder is a class A felony). He confuses the high end of the *standard range* for this offense – 320 months with an offender score of zero – with the *statutory maximum* for class A felonies: life imprisonment. *Compare* former RCW 9.94A.310 (1986) (standard range sentencing grid) *with* RCW 9A.20.021(1)(a) (maximum possible sentence for class A felonies is life imprisonment). Because he has not been held beyond the statutory limit of life imprisonment, he does not show unlawful restraint.

Dkt. 26, Exhibit 9 at 2 (emphasis in original).

Petitioner filed a motion for discretionary with the Washington Supreme Court. Dkt. 26, Exhibit 10. Petitioner repeated his claim he should be released because he has exceeded the maximum term of commitment, which he calculated to be 320 months. *Id*. at 1-2. The Washington Supreme Court denied review. *Id.,* Exhibit 11.

## GROUNDS FOR RELIEF

Petitioner presents this Court with two grounds for relief:

1.  Ineffective assistance of counsel; and

2.  Challenges to the conditions of his confinement, alleging he was assaulted by staff and other patients, his belongings were confiscated by staff, and he received inadequate medical treatment.

Dkt. 21 at 1-7.

## DISCUSSION

To the extent the Petition can be construed as seeking permissible habeas relief,[5] the Court concludes the Petition is time-barred.

---

[5] Ground two relates to the conditions of Petitioner's confinement and does not attack the validity of an underlying conviction or sentence. Thus, the claim is not cognizable under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973); *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991)). The Court recommends ground two be dismissed without prejudice. If Petitioner wishes to proceed with ground two, he must raise this claim by way of a separate civil rights complaint pursuant to 42 U.S.C. § 1983.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". If a petitioner fails to seek direct review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, a notice of appeal must be filed within thirty days after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not file a notice of appeal, the judgment becomes final at the end of the thirty day period, as it marks the expiration of the time for seeking direct review pursuant to § 2244(d)(1)(A). The Act further states "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The Yakima County Superior Court entered its Order of Acquittal by Reason of Insanity and Order of Commitment on July 15, 1987. Dkt. 26, Exhibit 3. Petitioner did not file a direct appeal challenging his conviction, making his state conviction final on or about August 14, 1987, the date the time for filing a notice of appeal expired. Because Petitioner's state court conviction was final prior to the enactment of the AEDPA, the statute of limitations began running on April 24, 1996 (the effective date of the AEDPA), and expired on April 24, 1997. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999).

Petitioner filed his personal restraint petition in July 2014. However, by that time, the AEDPA statute of limitations had expired and petitioner was time-barred from filing his federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410

1   (2005) (an untimely state court petition for post-sentence relief does not toll federal statute of

2   limitations because petition did not constitute a "properly filed" petition); *Allen v. Siebert*, 552

3   U.S. 3, 6 (2007) (per curiam), *reh'g denied*, 552 U.S. 1132 (it is immaterial for purposes of §

4   2244(d)(2) whether a state time limit is jurisdictional or is instead an affirmative defense).

5   Petitioner's federal habeas Initial Petition was not signed and submitted for filing in this Court

6   until January 19, 2016, Dkt. 1, and the operative petition, his Third Amended Petition, was filed

7   on August 15, 2016. Dkt. 21.[6]

8        The AEDPA statute of limitations is subject to equitable tolling where the petitioner

9   pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v.*

10  *Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a

11  petitioner at the very least must show the extraordinary circumstances "were the but-for and

12  proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. Appx. 839, 840 (9th Cir.

13  2005). Petitioner fails to demonstrate any extraordinary circumstance prevented him from filing

14  a timely habeas petition. Further, Petitioner fails to explain why he waited approximately sixteen

15  (16) years after the AEDPA statute of limitations began running before pursuing post-conviction

16  relief. Accordingly, Petitioner fails to show he is entitled to equitable tolling and the Petition is

17  barred by the statute of limitations.[7]

18                    <u>CERTIFICATE OF APPEALABILITY</u>

19

20  _____

21      [6] While a later petition containing identical claims necessarily relates back to the original petition,
    *see* Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 649-50 (2005), Petitioner's Initial Petition (Dkt.

22  3) was filed on January 21, 2016 and was also not timely filed.

23      [7] Respondent also asserts the Petition should be denied because Petitioner failed to name a proper
    respondent, failed to exhaust the available state remedies and is now procedurally barred in federal court,
    petitioner's ineffective assistance of counsel claim fails on the merits. Dkt. 26. As the Court finds the

24  Petition is time-barred, the Court does not need to discuss Respondent's additional arguments.

REPORT AND RECOMMENDATION - 7

1    A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

2    court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

3    (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

4    may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

5    constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

6    that jurists of reason could disagree with the district court's resolution of his constitutional

7    claims or that jurists could conclude the issues presented are adequate to deserve encouragement

8    to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*,

9    529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes Petitioner is not

10    entitled to a certificate of appealability with respect to this Petition.

11                                    CONCLUSION

12    Petitioner's § 2254 claim challenging the fact and duration of his confinement is barred

13    by the one-year statute of limitations period imposed under 28 U.S.C. § 2244(d) and should be

14    dismissed with prejudice. Petitioner's claim regarding the conditions of confinement [§ 1983

15    claim] should be dismissed without prejudice.[8] No evidentiary hearing is necessary and a

16    certificate of appealability should be denied.

17    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

18    fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

19    6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

20    review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

21

22    ────────────────

23    [8] Petitioner may file a separate § 1983 complaint challenging the conditions of his confinement
on the form provided by the Court. The Clerk is directed to provide Petitioner with the forms for filing a

24    42 U.S.C. § 1983 civil rights complaint.

REPORT AND RECOMMENDATION - 8

1   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

2   January 27, 2017, as noted in the caption.

3          Dated this 5th day of January, 2017.

4

5                                          David W. Christel
                                           United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 9